# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 2:09CR00003 |
| v. | ) | **OPINION** |
| **AMELIA TURNER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Amelia Turner, Pro Se Defendant.*

Defendant Amelia Turner, a federal inmate proceeding pro se, has elected to pursue a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2013), alleging ineffective assistance of counsel related to her guilty plea and sentencing. After review of the record, I conclude that Turner's motion must be summarily dismissed as untimely.

I

Turner pleaded guilty, pursuant to a written Plea Agreement, to conspiracy to possess with intent to distribute oxycodone and using or carrying a firearm during and in relation to, and possessing a firearm in furtherance of a drug trafficking crime. I sentenced Turner to 135 months on the drug offense and 60

months on the firearm offense, to run consecutive to the drug sentence. Judgment was entered on October 28, 2009. Turner did not appeal.

Turner submitted a motion, dated February 21, 2013, seeking to reopen plea negotiations or file a § 2255 motion out of time.[1] The court construed her submission as a § 2255 motion but allowed Turner the opportunity to object to its characterization as such. The court also notified Turner that the submission appeared to be untimely as a § 2255 motion, and advised her to include reasons why her claims could be considered on their merits.

Turner elected to pursue her claims in an Amended § 2255 Motion (ECF No. 84). In her motion, Turner alleges the following grounds for relief: (1) as a result of a head injury she suffered on the day of the guilty plea hearing, and ineffective assistance of counsel regarding the stipulated drug amount and its effect on sentencing, her plea was unknowing; and (2) at sentencing, an unfamiliar prosecutor stated a greater drug amount than Turner expected, counsel failed to explain or dispute the changed amount, and Turner, still on medication, did not understand the implication of the new amount.

---

[1] I find no legal remedy, other than a motion under § 2255, by which Turner could reopen the closed criminal proceedings to challenge the validity of her guilty plea or her sentence.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A, § 2255(f). If the district court gives the defendant notice that the § 2255 motion appears to be untimely and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Turner's § 2255 motion is clearly untimely under § 2255(f)(1). Her conviction became final on November 11, 2009, when her ten-day opportunity to appeal the Judgment expired. *See* Fed. R. App. P. 4(b)(1)(A) (prior version).

Turner's one-year window under § 2255(f)(1) to file a timely motion expired on November 11, 2010.  Because Turner filed her § 2255 motion at the earliest on February 21, 2013,[2] her motion is untimely under § 2255(f)(1).  Turner does not allege any ground upon which she is entitled to calculation of her filing period under the other subsections of § 2255(f).  Thus, unless she presents grounds for equitably tolling of the limitation period, her motion must be denied as untimely filed.

The statutory limitations period under § 2255(f) may be tolled for equitable reasons.  *See, e.g., United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (applying equitable tolling to § 2255 motion); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (finding same as to similar limitation period in 28 U.S.C.A. § 2244(d) for habeas petitions challenging state convictions).  To warrant equitable tolling, the defendant must establish two elements:  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted).  To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his

---

[2] A prisoner's habeas petition is deemed filed when she delivers it to prison officials for mailing to the court.  *See* Rule Governing § 2255 Proceedings 3(d).  Because it appears that Turner signed and dated her § 2255 motion on February 21, 2013, I assume for purposes of this opinion that she delivered her motion to prison authorities on that day for mailing.

-4-

own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d.238, 246 (4th Cir. 2003) (en banc).

Turner offers only the following paragraph as her argument in favor of equitable tolling so that § 2255(f) will not bar review of her motion on the merits:

> On the day I signed my plea agreement, I fell down a flight of stairs, sustaining a head injury as well as injuries to the rest of my body. My recollection of anything from that day until I finally got my medications adjusted so that I was not living in a fog is vague and should not be considered made by a person of her full mental capacity. I have been on pain medications for my back, resulting from the fall, pain meds for fibromalygia [sic] and I also take medication for depression and anxiety and sleeplessness. The medication has now been regulated so that I feel that I have mental state back prior to the fall. This has only been since January 2013. Until that time, I still do not feel that I was making informed decisions. Therefore, the one year period of limitation should not begin until on or about January 2013.

(Amended 2255 Mot. 11.)

In *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004), the Court stated that "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," and it concluded that Sosa's asserted condition — schizoaffective disorder and generalized anxiety disorder — did not rise to this level. *Id.* at 513. Consistent with *Sosa*, other circuits have concluded that while mental incapacity can warrant equitable tolling in rare circumstances, "mental incompetence is not a per se reason to toll a statute of limitations." *McSwain v. Davis,* 287 F. App'x 450, 456 (6th Cir.

2008) (unpublished). The defendant has the burden of proof and "must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition." *Id.* Thus, a bare assertion that a petitioner suffers from some mental impairment, "without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005), *aff'd,* 549 U.S. 327 (2007).

Similarly, proof of an existing mental illness, or claims that a petitioner is taking psychiatric medication or is under psychiatric care, will not automatically warrant equitable tolling. A petitioner must also allege facts sufficient to demonstrate the existence of "'a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing. . . .'" *Rios v. Mazzuca*, 78 F. App'x 742, 743 (2d Cir. 2003) (unpublished) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

While I am not unsympathetic with Turner's medical difficulties, I cannot find that she has carried her burden of showing that they prevented her from filing a timely § 2255 motion so as to warrant equitable tolling. Turner offers only conclusory allegations that her injuries and medication affected her memory and her ability to "mak[e] informed decisions" and that she suffers from depression, anxiety, and sleeplessness. (Amended 2255 Mot. 11.) She does not document or allege that she was institutionalized or adjudged mentally incompetent at any time

before or since her guilty plea hearing because of any of the alleged conditions. Most importantly, she does not state facts showing a causal relationship between her alleged mental health issues and the belated submission of her § 2255 claims. Therefore, I find that she has not demonstrated grounds for equitable tolling.

III

For the stated reasons, I find that Turner has not shown grounds for equitable tolling and her § 2255 motion must be summarily dismissed as untimely filed.

A separate Final Order will be entered herewith.

DATED: April 29, 2013

/s/ James P. Jones
United States District Judge